

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00058-CR

ANDRE DESHAWN JAMES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 349th District Court
Houston County, Texas
Trial Court No. 20CR-180

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Andre Deshawn James pled guilty to aggravated assault with a deadly weapon (a knife), a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02 (Supp.). Pursuant to a plea bargain agreement with the State, James pled true to the State's punishment enhancement allegation (a prior conviction for injury to a disabled person and retaliation) and was placed on deferred adjudication community supervision for seven years. Seven months later, the State alleged that James violated nine terms and conditions of his community supervision. Consequently, it filed a motion to proceed with an adjudication of James's guilt. The trial court found five of the allegations in the State's motion "true," adjudicated James's guilt, and sentenced him to eight years' imprisonment.

In his sole point of error on appeal, James argues that the trial court's sentence is grossly disproportionate to his offense and constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution and Article I, Section 13, of the Texas Constitution.[1] We find this issue unpreserved.

"A party is not excused from the procedural requirements for objecting at trial merely because an error involves a constitutional right." *Jimenez v. State*, 32 S.W.3d 233, 235 (Tex. Crim. App. 2000). "To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We find no difference between the precedent of the Twelfth Court of Appeals and this Court on the relevant issues in this case. *See* TEX. R. APP. P. 41.3.

*Davis v. State*, 614 S.W.3d 223, 232 (Tex. App.—Texarkana 2020, no pet.) (quoting *Navarro v. State*, 588 S.W.3d 689, 690 (Tex. App.—Texarkana 2019, no pet.)); *Mason v. State*, No. 12-19-00006-CR, 2020 WL 975362, at *5 (Tex. App.—Tyler Feb. 28, 2020, no pet.) (mem. op., not designated for publication); *see Darnell v. State*, No. 12-19-00029-CR, 2019 WL 2461654, at *1 (Tex. App.—Tyler May 31, 2019, no pet.) (mem. op., not designated for publication). A review of the record shows that James lodged no complaint about his sentence, including constitutionality or disproportionality, at trial. Also, he filed no motion for new trial raising this issue. Because he did not present it to the trial court, we find James's sole point of error unpreserved for our review.

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:     July 20, 2023
Date Decided:       July 28, 2023

Do Not Publish